USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/2/2016

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DEBRA ROTHBERG,

                Plaintiff,

-against-

PHIL'S MAIN ROOFING, LLC,

                Defendant,

---

PHIL'S MAIN ROOFING, LLC,

                Third-Party Plaintiff,

-against-

DHI CONSTRUCTION SERVICES, INC.,
MANUEL H. PEREZ D/B/A ENP HOME
IMPROVEMENT, ENP HOME IMPROVEMENT,
LLC, MITCHELL WILK ARCHITECTURE, P.C.,
and DOUGLAS WILK,

                Third-Party
                Defendants.

No. 14-cv-10195 (NSR)

OPINION & ORDER

---

NELSON S. ROMÁN, United States District Judge

      Plaintiff Debra Rothberg commenced the instant action against Defendant Phil's Main Roofing, LLC ("Phil's" or "Defendant") alleging claims for breach of contract and, in the alternative, unjust enrichment. (Complaint, ECF No. 1.) Phil's filed a third-party complaint against DHI Construction Services, Inc. ("DHI"), Manuel H. Perez d/b/a/ ENP Home Improvement, LLC, Mitchell Wilk Architecture, P.C., and Douglas Wilk. (ECF No. 16.) Presently before the Court is Phil's motion to disqualify counsel for Plaintiff and DHI. (ECF No. 50.) For the following reasons, Phil's motion is DENIED.

## BACKGROUND

### I. Procedural History

Plaintiff, represented by counsel Keith H. Richman, Esq., of Richman & Levine, initiated the instant action against Phil's on December 30, 2014. (ECF No. 1.) Phil's answered the Complaint on March 25, 2015 (ECF No. 9) and thereafter commenced a third-party action against several entities, including DHI. (ECF No. 16.) On August 19, 2015, Mr. Richman (Plaintiff's counsel) filed a notice of appearance on behalf of DHI. (ECF No. 38.)

### II. Factual Background

Plaintiff contracted with DHI in connection with the construction of her new home. (Declaration of Rachel E. Katz ("Katz Decl."), ECF No. 51 at Ex. G.) DHI, in turn, entered into a subcontract agreement with Phil's wherein Phil's was to "supply labor, materials, and equipment necessary to properly perform" the roofing work (the "Subcontract Agreement"). (Compl. ¶ 9.) The Subcontract Agreement was made expressly subject to a hold harmless agreement (the "Hold Harmless") executed by Phil's. (*Id.* ¶ 10.) The Hold Harmless provides for the recovery of attorneys' fees, costs, expenses, and disbursements incurred in the enforcement of the Subcontract Agreement. (*Id.* ¶ 13.)

Phil's completed work on Plaintiff's roof on or about November or December 2011. (*Id.* ¶ 15.) In April 2012, Plaintiff began to observe issues with the new roof, including "cupping" of the shingles, staining on the trim, and misalignment of roof panels. (*Id.* ¶ 16.) Plaintiff corresponded with Phil's regarding these issues, and in or about August and September 2012 Phil's conducted its own inspection of the roof. (*Id.* ¶ 19.) Though Phil's acknowledged the defects in the roof and agreed to make repairs, the repairs were never performed. (*Id.* ¶¶ 20–22.)

After arbitration, Plaintiff and DHI entered into a confidential settlement assignment and assumption agreement, dated August 12, 2014, in which DHI assigned to Plaintiff all of DHI's rights and obligations of the Subcontract Agreement, including the Hold Harmless (the "Settlement Agreement").  (*Id.* ¶ 12.)

## LEGAL STANDARD

"The authority of federal courts to disqualify attorneys derives from their inherent power to 'preserve the integrity of the adversary process.'"  *Hempstead Video, Inc. v. Incorporated Vill. of Valley Stream*, 409 F.3d 127, 132 (2d Cir. 2005) (quoting *Bd. of Educ. v. Nyquist*, 590 F.2d 1241, 1246 (2d Cir. 1979)).  In determining whether to disqualify an attorney, courts must "balance 'a client's right freely to choose his counsel' against 'the need to maintain the highest standards of the profession.'"  *Hempstead Video*, 409 F.3d at 132 (quoting *Gov't of India v. Cook Indus., Inc.*, 569 F.2d 737, 739 (2d Cir. 1978)).  "District courts have broad discretion to disqualify attorneys, but it is a 'drastic measure' that is viewed with disfavor in this Circuit." *Ritchie v. Gano,* No. 07-cv-7269, 2008 WL 4178152, at *2 (S.D.N.Y. Sept. 8, 2008) (collecting cases).  Such disfavor "probably derives from the fact that disqualification has an immediate adverse effect on the client by separating him from counsel of his choice, and that disqualification motions are often interposed for tactical reasons." *Bd. of Educ. v. Nyquist*, 590 F.2d at 1246.

"Recognizing the serious impact of attorney disqualification on the client's right to select counsel of his choice, [the Second Circuit has] indicated that such relief should ordinarily be granted only when a violation of the Canons of the Code of Professional Responsibility poses a significant risk of trial taint." *Glueck v. Jonathan Logan, Inc.*, 653 F.2d 746, 748 (2d Cir. 1981). Consequently, "[t]he appearance of impropriety alone does not warrant disqualification."

*Bangkok Crafts Corp. v. Capitolo di San Pietro in Vaticano*, 376 F. Supp. 2d 426, 428 (S.D.N.Y. 2005).

"Despite its reluctance to grant [motions to disqualify counsel], the Court must resolve any doubts in favor of disqualification." *Maricultura Del Norte, S. de R.L. de C.V. v. Worldbusiness Capital, Inc.*, No. 14-cv-10143 (CM), 2015 WL 1062167, at *7 (S.D.N.Y. Mar. 9, 2015) (citing *Arifi v. de Transp. Du Cocher, Inc.*, 290 F. Supp. 2d 344, 349 (E.D.N.Y. 2003)). "Although any doubts are to be resolved in favor of disqualification, the party seeking disqualification bears a heavy burden of demonstrating that disqualification is necessary." *Decker v. Nagel Rice LLC*, 716 F. Supp. 2d 228, 231 (S.D.N.Y. 2010) (citations omitted). "'Mere speculations will not suffice.'" *A.I. Credit Corp. v. Providence Washington Ins. Co.*, No. 96-cv-7955 (AGS) (AJP), 1997 WL 231127, at *2 (S.D.N.Y. May 7, 1997) (quoting *Paretti v. Cavalier Label Co.*, 722 F. Supp. 985, 987 (S.D.N.Y. 1989)).

## DISCUSSION

Phil's contends that Richman & Levine's concurrent representation of Plaintiff and DHI "creates an impermissible conflict of interest warranting disqualification." (Motion to Disqualify Counsel ("Def.'s Mot.") or ECF No. 50 at 8.) In support of this contention, Phil's cites Rules 1.7, 1.8, and 1.10 of the New York Rules of Professional Conduct.

**I.    Disqualification Motion**

**A.  Rule 1.7**

Rule 1.7 states as follows:

>   (a)    Except as provided in paragraph (b), a lawyer shall not represent a client if a reasonable lawyer would conclude that either:
>
>      (1) the representation will involve the lawyer in representing different interests; or

    (2) there is a significant risk that the lawyer's professional judgment on behalf of a client will be adversely affected by the lawyer's own financial, business, property or other personal interests.

 (b) Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if:

    (1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affect client;

    (2) the representation is not prohibited by law;

    (3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and

    (4) each affected client gives informed consent, confirmed in writing.

Phil's asserts that Richman & Levine's concurrent representation of Plaintiff and DHI necessarily involves Richman & Levine's representation of "different interests." (Def.'s Mot. at 10.) In particular, Phil's contends that DHI's answer to Phil's third-party complaint would invariably include counter-claims and affirmative defenses asserted against Plaintiff, such as Plaintiff's failure to mitigate her damages or negligence on behalf of Plaintiff. (*Id*.) The Court does not regard these "hypothetical scenarios of conflict" as sufficient for Phil's to meets its high burden of demonstrating the necessity of disqualification. *Bulkmatic Transp. Co. v. Pappas*, No. 99-cv-12070 (RMB) (JCF), 2001 WL 504841, at *3 (S.D.N.Y. May 11, 2001).

Plaintiff and DHI do not have different interests that pose a significant risk of trial taint. During arbitration, Plaintiff and DHI were represented by separate legal counsel. (Katz Decl., Ex. G at PL-SD000267.) The Settlement Agreement negotiated by the parties' independent

counsel provided that DHI would assign all of its rights, obligations, and liabilities arising under the Subcontract Agreement to Plaintiff and Plaintiff agreed, in turn, to indemnify DHI in Plaintiff's action against Phil's.  (*Id*. at PL-SD000275- PL-SD000277.)  Additionally, Plaintiff and DHI entered into a mutual release of all claims and counter-claims, with prejudice.  (*Id*. at PL-SD000267.)  Further, the Settlement Agreement explicitly states that DHI is "fully released and discharged of and from any and liability" to Plaintiff.  (*Id*. at PL-SD000275-PLSD000276.)  These provisions of the Settlement Agreement operate to align the interests of Plaintiff and DHI.  Accordingly, the Court concludes that Phil's has failed to meet the high bar of demonstrating the necessity of disqualification under Rule 1.7.  *See Vegetable Kingdom, Inc. v. Katzen*, 653 F. Supp. 917, 925 (N.D.N.Y. 1987) (holding that disqualification was inappropriate because plaintiff and third-party defendants had "substantial identity of interests") (citation omitted); *Hall Dickler Kent Goldstein & Wood, LLP v. McCormick*, 36 A.D.3d 758, 760 (2d Dep't 2007) ("The defendant's conclusory assertions and speculation as to the existence of a conflict of interest were insufficient to meet her burden of demonstrating that the disqualification of counsel [for plaintiff and third-party defendants] was warranted.").

**B.  Rule 1.8**

Phil's contends that Richman & Levine is in violation of Rule 1.8 because Plaintiff—an attorney at Richman & Levine—"possesses a personal, business or financial interest at odds with that of the firm's client, DHI."  (Def.'s Mot. at 12.)  Rule 1.8(a) of the Rules of Professional Conduct provides that, subject to certain, enumerated exceptions "[a] lawyer shall not enter into a business transaction with a client if they have differing interests therein and if the client expects the lawyer to exercise professional judgment therein for the protection of the client . . . ."  Here, Phil's fails to point to any business transaction between Richman & Levine and either Plaintiff or

6

DHI.  Thus, the Court is perplexed by Phil's' citation to this rule.  To the extent Phil's seeks to reassert the arguments made under Rule 1.7 regarding a conflict arising out of Richman & Levine's concurrent representation of Plaintiff and DHI, the Court rejects those arguments for the reasons stated above.

**C.  Rule 1.10**

Rule 1.10 of the Rules of Professional Conduct, which concerns the imputation of an individual lawyer's conflicts of interest to other lawyers in the same law firm, states, "[w]hile lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so by Rule 1.7, 1.8 or 1.9, except as otherwise provided . . . ."  Phil's contends that "none of the lawyers at Richman & Levine should represent DHI, as [Plaintiff] practicing alone is prohibited from representing DHI."  (Def.'s Mot. at 11.)  This argument misinterprets the prohibition in Rule 1.10.  Plaintiff is not acting in her capacity as a lawyer but rather as a client.  Additionally, having concluded that Plaintiff's and DHI's interests are aligned, the Court perceives no conflict to impute to Richman & Levine.  *See Finkel v. Frattarelli Bros.*, 740 F. Supp. 2d 368, 380 (E.D.N.Y. 2010) ("[A]s there are no bases for disqualification under Rules 1.7 or 1.8, there is no reason to impute any alleged conflicts or violations to the entire law firm of [Richman & Levine] under Rule 1.10.").

\* \* \*

Accordingly, as Phil's fails to meet the requisite "high standard of proof" to justify the disqualification of Mr. Richman, the motion to disqualify DHI's counsel must be denied.  *Evans v. Artek Sys. Corp.*, 715 F.2d 788, 791 (2d Cir. 1983); *Am. Int'l Grp., Inc. v. Bank of Am. Corp.*, 827 F. Supp. 2d 341, 345 (S.D.N.Y. 2011).

**II.     Sanctions**

In its opposition to the disqualification motion, counsel for DHI and Plaintiff request that the Court award Plaintiff "the reasonable expenses" associated with motion practice and impose an "accelerated discovery schedule, to mitigate in part, the unfortunate delay imposed by the instant baseless motion." (Memorandum of Law in Opposition to Motion to Disqualify Counsel, ECF No. 54 at 18.)  In particular, counsel for DHI and Plaintiff contends that "[t]here can be little doubt that the Defendant has advanced this motion to disqualify Richman & Levine with the full knowledge that there is no basis for its assertions of unethical conduct and that the motion lacks any legal or factual support." (*Id.*)

"[A]ctions which are brought for an improper purpose are subject to sanctions" under Rule 11.  *O'Neil v. Ret. Plan for Salaried Employees of RKO Gen., Inc.*, No. 88-cv-8498 (JSM), 1992 WL 7839, at *3 (S.D.N.Y. Jan. 10, 1992).  *See also Vegetable Kingdom*, 653 F. Supp. at 926 (quoting 28 U.S.C. §1927) ("Congress has authorized the federal courts to impose sanctions against attorneys 'who so multipl[y] the proceedings in any case unreasonably and vexatiously . . . .'").  "Whenever sanctions are contemplated, of course, the court must be mindful of the danger that its action might 'stifle the enthusiasm or chill the creativity that is the very lifeblood of the law.'" *Vegetable Kingdom*, 653 F. Supp. at 926 (quoting *Eastway Construction Corp. v. City of New York*, 762 F.2d 243, 254 (2d Cir. 1985)).  This is particularly so for sanctions sought in the context of disqualification motions because "the court has a strong interest in having potential ethical problems brought to its attention at the earliest possible juncture" and "the affirmative duty placed upon attorneys to report misconduct." *Vegetable Kingdom*, 653 F. Supp. at 926. "Nonetheless, these hazards must be weighed against the deleterious effects of the use of disqualification motions for mere tactical purposes." *Id.*

In the present case, the Court is not of the opinion that Defendant's motion was completely without factual and legal basis or definitively made in bad faith. This situation is unlike *Vegetable Kingdom*, where the court concluded that the party seeking disqualification was abundantly aware that the partnership named as the third-party defendant was comprised of the same individuals who would benefit from a judgment obtained by the plaintiff corporation. 653 F. Supp. at 926–27. Here, it is perhaps less clear cut that Plaintiff's and DHI's interests are aligned. Mindful of the fact that "[c]ourts impose Rule 11 sanctions with discretion and caution," *Fairfield Fin. Mortg. Grp., Inc. v. Luca*, No. 11-cv-3802 (ADS) (ETB), 2012 WL 3061513, at *6 (E.D.N.Y. July 25, 2012) (citing *Caisse Nationale de Credit Agricole–CNCA v. Valcorp.*, 28 F.3d 259, 264 (2d Cir. 1994); *Puccio v. Town of Oyster Bay*, 229 F.Supp.2d 173, 178 (E.D.N.Y. 2002)), this Court declines to sanction Phil's. Additionally, the parties are to discuss any potential amendments to the discovery schedule with Magistrate Judge Lisa Margaret Smith.

## CONCLUSION

For the foregoing reasons, Defendant's motion for disqualification is DENIED. Additionally, the Court DENIES the request by counsel for Plaintiff and DHI for sanctions. The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 50.

Dated: May 2, 2016
       White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge