USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/5/2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DEBRA ROTHBERG,

           Plaintiff,

-against-

PHIL'S MAIN ROOFING, LLC,

           Defendant,

---

PHIL'S MAIN ROOFING, LLC,

           Third-Party Plaintiff,

-against-

DHI CONSTRUCTION SERVICES, INC.,
MANUEL H. PEREZ D/B/A ENP HOME
IMPROVEMENT, ENP HOME IMPROVEMENT,
LLC, MITCHELL WILK ARCHITECTURE, P.C.,
and DOUGLAS WILK,

           Third-Party
           Defendants.

No. 14-cv-10195 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge

Presently before the Court is Defendant Phil's motion for reconsideration of this Court's March 24, 2017 Opinion and Order (the "March 24 Opinion"), ECF No. 96, which granted in part, and denied in part, Defendant Phil's Motion to Dismiss Plaintiff's Complaint. Familiarity with the Motion to Dismiss Opinion is assumed. For the reasons stated below, Defendant Phil's motion for reconsideration is DENIED.

## STANDARD OF REVIEW

Motions for reconsideration are governed by Local Civil Rule 6.3 and Federal Rule of Civil Procedure 60(b). "The standard for granting a motion for reconsideration pursuant to Local Rule

1

6.3 is strict." *Targum v. Citrin Cooperman & Company, LLP*, 12-cv-6909 (SAS), 2013 WL 6188339, at * 1 (S.D.N.Y. Nov. 25, 2013). Motions for reconsideration are "addressed to the sound discretion of the district court and are generally granted only upon a showing of exceptional circumstances." *Mendell ex rel. Viacom, Inc. v. Gollust*, 909 F.2d 724, 731 (2d Cir. 1990). A motion to reconsider "is not a vehicle for ... presenting the case under new theories ... or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners*, *L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quotation and citation omitted); *see also Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Stroh Cos.*, 265 F.3d 97, 115 (2d Cir. 2001) (quoting *Polsby v. St. Martin's Press*, 97-cv-690 (MBM), 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000)) (Mukasey, J.) (in moving for reconsideration, "'a party may not advance new facts, issues, or arguments not previously presented to the Court.'"). Such motions "'will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked.'" *Analytical Surveys*, 684 F.3d at 52 (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). Reconsideration of a Court's previous order is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Initial Pub. Offering Sec. Litig*, 399 F. Supp. 2d 298, 300 (S.D.N.Y. 2005) (internal citation and quotation omitted), *aff'd sub nom. Tenney v. Credit Suisse First Boston Corp.*, 05-cv-3430, 05-cv-4759, & 05-cv-4760, 2006 WL 1423785, at *1 (2d Cir. 2006).

**DISCUSSION**

Defendant seeks reconsideration of the portion of this Court's March 24 Opinion finding that Plaintiff, though unsuccessful in alleging entitlement to attorney's fees on other grounds, has plausibly alleged a claim for attorney's fees "with regard to enforcement of the Subcontract" between Defendant and Plaintiff (as assignee), based upon the language of the indemnification

provision contained in that agreement. (*See* Def. Mem. In Support of Mot. for Recons. ("Def. Mem.") at 1, ECF No. 97; March 24 Opinion at 11-13.) Recognizing that in this Circuit, "'indemnification clauses are not construed to cover first-party claims unless the contract makes it 'unmistakably clear' that the parties intended so to provide'" (March 24 Opinion at 12), this Court found in Plaintiff's favor after considering the language of the Indemnification Provision as a whole, along with the arguments set forth by both parties and relevant caselaw, including that which was cited in both parties' moving papers.

On reconsideration, Defendant cites to Second Circuit case law interpreting a phrase in an indemnification provision seemingly similar to the one at issue here; specifically, the phrase permitting recovery of fees in connection with the "enforcement of" the parties' agreement. (*See* Def. Mem. at 3) (citing *Oscar Gruss & Son, Inc. v. Hollander*, 337 F.3d 186 (2d Cir. 2003)). Defendant argues that *Oscar* supports a finding that the indemnification provision language permitting attorney's fees "in the enforcement of [the] agreement" between the parties applies only to fees generated in connection with third-party claims, as opposed to litigation between Plaintiff and Defendant. (*See* Def. Mem. at 3-9.)[1]

However, the indemnification provision in *Oscar* is distinct from the provision found in the Subcontract at issue here. In the instant action, the Indemnification Provision lists the kinds

---

[1] The Court notes, though on notice that Plaintiff had argued she was entitled to attorney's fees in the instant action incurred in connection with "the enforcement of" the Subcontract Agreement, Defendant neglected to set forth its current argument in its motion papers, or to cite to *Oscar*. (*See* Def. Reply In Support of Mot. to Dismiss ("Def. MTD Reply"), at 5, ECF No. 94) ("Plaintiff … goes on to state that '…Plaintiff is … entitled to recovery of attorney's fees and costs that she will incur in the enforcement of the Subcontract Agreement'".); (Pl. Opp. to Def. Mot to Dismiss, at 20, ECF No. 92.) ("Plaintiff is fully entitled to recover attorneys' fees and costs that she has and will incur in the enforcement of the Subcontract"). Defendant could have set forth this argument for the Court's consideration in its original motion to dismiss papers. Instead, Defendant raises this argument for the first time on reconsideration. *See Rich Prod. Corp. v. Impress Indus., Inc.*, 05-CV-187, 2008 WL 203020, at *1 (W.D.N.Y. Jan. 23, 2008) ("[m]otions for reconsideration are not to be used as … to put forward additional arguments that could have been raised prior to the decision.")

3

of attorney's fees recoverable under the Subcontract; these fees include those incurred: (1) in defense of the underlying claim, (2) in the enforcement of the Subcontract, (3) in the prosecution of any claim for indemnification, and (4) in pursuit of any claim for insurance coverage required. (*See* March 24 Opinion at 12.) Though part of the Indemnification Provision, this portion of the Provision stands alone to the extent that it is an independent sentence. In contrast, the corresponding *Oscar* provision allowing for the recovery of legal fees "in connection with the enforcement of th[e] Agreement and indemnification obligations set forth" appears in a parenthetical, and therefore directly relates to, and clarifies the preceding language. This preceding and surrounding language provides Defendant with separate counsel in connection with any matters in which indemnification is sought, gives Plaintiff the right to notice regarding any indemnification claim, and requires Defendant to retain written consent from Plaintiff before settling any suits, clearly contemplating third-party claims only. *See Oscar*, 337 F.3d at 200; *In re Refco Sec. Litig.*, 890 F. Supp. 2d 332, 341 (S.D.N.Y. 2012) ("When an indemnification agreement contains provisions that appear to be inapplicable to suits between the contracting parties—such as requiring that notice of a claim be given to the indemnitor or allowing the indemnitor to assume the indemnitee's defense—the courts have concluded that the contract does not evidence an unmistakably clear intent to indemnify attorney's fees incurred in a lawsuit between the contracting parties."). It is within this context that the *Oscar* provision requires that Defendant indemnify Plaintiff for any claims, liabilities or damages resulting from Plaintiff's provision of services, unless attributable to Plaintiff's gross negligence, and provides for the reimbursement of expenses incurred in connection with such claims, "including," as provided in a parenthetical, "in connection with the enforcement of th[e] Agreement and the indemnification obligations set forth herein." *Id.* at 199; *Oppenheimer & Co. Inc. v. Metal Mgmt., Inc.*, 08-CV-

3697 (LTS) (FM), 2011 WL 2462588, at *10 (S.D.N.Y. June 20, 2011) ("*The parenthetical* [in Oscar] *merely specified* certain kinds of expenses that were included among those for which the client was required to indemnify the advisor") (emphasis added). This is distinct from the instant Indemnification Provision, which discusses the instances in which attorney's fees are recoverable – independent of the other portions of the provision – and, notably, contemplates recovery of fees incurred "in the enforcement of [the] agreement," as independent of fees that might be incurred in "the prosecution of any claim for indemnification."

Thus "it is unmistakably clear that Plaintiff is to be indemnified for attorney's fees incurred in the 'enforcement' of the Indemnity Agreement. Since the Indemnity Agreement could only be enforced against the Defendants in this case, there is no doubt that the contract unequivocally alters the typical American rule that each party pay its own attorneys' fees". *Berkley Reg'l Ins. Co. v. Weir Bros.*, 13-CV-3227 (CM) (FM), 2013 WL 6020785, at *13 (S.D.N.Y. Nov. 6, 2013) (finding defendants argument that indemnification provision allowing for reimbursement of payments related to "enforcement" of agreement applies only to attorney's fees incurred in connection with third-party claims "manifestly wrong"); *see St. Paul Mercury Ins. Co. v. M & T Bank Corp.*, 12-CV-6322 (JFK), 2014 WL 641438, at *11 (S.D.N.Y. Feb. 19, 2014) (granting attorney's fees incurred in instant action where Defendant promised to indemnify Plaintiff for expenses incurred as a result of "the enforcement of this [a]greement", and finding that this language "makes 'unmistakably clear' the parties' intention to shift the responsibility for [plaintiff's] … attorney's fees to [defendant] in the event of the latter's breach"); *Mercury Partners LLC v. Pac. Med. Bldgs., L.P.*, 02-CV-6005 (HBP), 2007 WL 2197830, at *18 (S.D.N.Y. July 31, 2007) (finding, in light of *Oscar*, that plaintiff was not entitled to fees for instant action where provision applied to transactional fees "incurred in connection with …*performance of services under the Agreement*"

between parties, as opposed to fees incurred "in connection with a lawsuit *to enforce the agreement*") (emphasis added).

Equally unavailing is Defendant's argument that it is entitled to reconsideration on the basis that Plaintiff cannot assert a claim for attorney's fees in connection with the enforcement of Subcontract where Plaintiff alleges only a breach of contract. As an initial matter, Defendant cites no case law representative of this contention. (*See* Def. Mem. at 9-10.) Furthermore, two of the cases that Defendant cites in support of its first argument regarding the "enforcement of contract" language in the Indemnity Provision arise directly out of breach of contract claims, and there is no indication by these courts that a claim for attorney's fees cannot be alleged in connection with the "enforcement" of an agreement in an action arising out of a breach of contract. *E.g.*, *Oscar* 337 F.3d at 189-191, (discussing reimbursement of attorney's fees in connection with the "enforcement of the agreement" as specified in the indemnification provision in action arising out of breach of contract); *Oppenheimer*, 2011 WL 2462588, at *1 (same); *see Mercury Partners*, 2007 WL 2197830, at *1 (discussing reimbursement of attorney's fees incurred in connection with performance of services as compared to those incurred in lawsuit to "enforce the agreement," in an action arising out of breach of contract); *see also Berkley Reg'l Ins. Co.*, 2013 WL 6020785, at *13 (finding plaintiff entitled to be indemnified for attorney's fees incurred in the "enforcement" of the indemnity agreement in action arising out of a breach of contract). Thus, Defendant has failed to establish that it should be afforded reconsideration with regard to the Court's ruling that, at this stage, Plaintiff has plausibly alleged entitlement to attorney's fees as delineated in the March 24 Opinion.

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Reconsideration is DENIED. The Clerk

between parties, as opposed to fees incurred "in connection with a lawsuit *to enforce the agreement*") (emphasis added).

Equally unavailing is Defendant's argument that it is entitled to reconsideration on the basis that Plaintiff cannot assert a claim for attorney's fees in connection with the enforcement of Subcontract where Plaintiff alleges only a breach of contract. As an initial matter, Defendant cites no case law representative of this contention. (*See* Def. Mem. at 9-10.) Furthermore, two of the cases that Defendant cites in support of its first argument regarding the "enforcement of contract" language in the Indemnity Provision arise directly out of breach of contract claims, and there is no indication by these courts that a claim for attorney's fees cannot be alleged in connection with the "enforcement" of an agreement in an action arising out of a breach of contract. *E.g.*, *Oscar* 337 F.3d at 189-191, (discussing reimbursement of attorney's fees in connection with the "enforcement of the agreement" as specified in the indemnification provision in action arising out of breach of contract); *Oppenheimer*, 2011 WL 2462588, at *1 (same); *see Mercury Partners*, 2007 WL 2197830, at *1 (discussing reimbursement of attorney's fees incurred in connection with performance of services as compared to those incurred in lawsuit to "enforce the agreement," in an action arising out of breach of contract); *see also Berkley Reg'l Ins. Co.*, 2013 WL 6020785, at *13 (finding plaintiff entitled to be indemnified for attorney's fees incurred in the "enforcement" of the indemnity agreement in action arising out of a breach of contract). Thus, Defendant has failed to establish that it should be afforded reconsideration with regard to the Court's ruling that, at this stage, Plaintiff has plausibly alleged entitlement to attorney's fees as delineated in the March 24 Opinion.

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Reconsideration is DENIED. The Clerk

of Court is respectfully requested to terminate the motions at ECF No. 97.

Dated: May 5, 2017
White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge